J-S30004-18

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JORGE LUIS GOMEZ, III | |
| Appellant | No. 485 WDA 2017 |

Appeal from the Judgment of Sentence Entered December 6, 2016
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0001237-2015

BEFORE:  BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED AUGUST 07, 2018**

Appellant, Jorge Luis Gomez, III, appeals from the judgment of sentence of an aggregate term of 10 to 20 years' incarceration, imposed after a jury convicted him of involuntary manslaughter and related offenses.  After review, we affirm.

The trial court set forth a detailed factual and procedural history of Appellant's case, which we need not reproduce herein.  ***See*** Trial Court Opinion (TCO), 6/9/17, at 1-6.  On appeal, Appellant raises four issues for our review:

1. Whether, inasmuch as … [A]ppellant properly raised the justifiable use of force for protection of the person pursuant to 18 Pa.C.S. § 505, the evidence at trial pertaining to the offenses of involuntary manslaughter, aggravated assault

_____

[*] Retired Senior Judge assigned to the Superior Court.

causing serious bodily injury, and aggravated assault with a deadly weapon did not suffice, since the Commonwealth did not satisfy its burden of proof as required by 18 Pa.C.S. § 505, so that acquittal of said offenses is required and that, as a consequence of such acquittal, … [A]ppellant "[]has not committed any other criminal violation[]" as contemplated by 18 Pa.C.S. § 6106(a)(2), and by operation of the limiting proviso of 18 Pa.C.S. § 6106(a)(1), requiring a change to a violation of 18 Pa.C.S. § 6106(a)(2) graded as a misdemeanor of the first degree?

2. Whether, as a result of the not guilty verdict on the offense of third-degree murder in violation of 18 Pa.C.S. § 2502(c), so finding that [Appellant] did not act with the requisite malice, such not guilty verdict of third-degree murder and the guilty verdict of aggravated assault causing serious bodily injury in violation of 18 Pa.C.S. § 2702(a)(1), requiring malice, are irrevocably inconsistent?

[3]. Whether, inasmuch as the greater weight of the evidence at trial in the above[-]captioned action demonstrated that … [A]ppellant lacked the necessary *mens rea* of malice for conviction of aggravated assault causing serious bodily injury, the recklessness or gross negligence for involuntary manslaughter did not amount to the malice necessary for conviction of the offense of aggravated assault causing serious bodily injury, the victim precipitated the fatal incident by his acts and/or omissions, and, under the facts and circumstances, [Appellant] could not have avoided using deadly force by retreating with complete safety, the guilty verdict on involuntary manslaughter, aggravated assault causing serious bodily injury, and aggravated assault with a deadly weapon contravened the greater weight of the evidence, which should have shocked the juridical conscience?

4. Whether the [t]rial [c]ourt abused its discretion in imposing an aggregated sentence of not less than ten years nor more than twenty years inasmuch as said sentence was manifestly excessive in that it warehoused … [A]ppellant, failed to address [his] rehabilitative needs, and focused on punishment to the exclusion of rehabilitation, and was unreasonable in imposing consecutive sentences for involuntary manslaughter and aggravated assault causing serious bodily injury for the same facts and conduct, which, under the circumstances of the case,

constituted double punishment, resulting in a clearly unreasonable application of the Sentencing Guidelines?

Appellant's Brief at 8-9 (unnecessary emphasis omitted).

We have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have reviewed the thorough opinion of the Honorable Elizabeth A. Doyle of the Court of Common Pleas of Blair County. We conclude that Judge Doyle's extensive, well-reasoned opinion accurately disposes of the issues presented by Appellant. ***See*** TCO at 9-14 (rejecting Appellant's first issue, in which he argues that the Commonwealth failed to disprove his assertion of self-defense); ***Id.*** at 14-18 (rejecting Appellant's second issue, in which he contends it was irreconcilably inconsistent for the jury to acquit him of third-degree murder, yet convict him of aggravated assault and involuntary manslaughter); ***Id.*** at 18-22 (rejecting Appellant's third issue, in which he avers that the verdict was against the weight of the evidence); ***Id.*** at 6-9 (rejecting Appellant's fourth issue, in which he challenges the discretionary aspects of his sentence). Accordingly, we adopt the above-cited portions of Judge Doyle's opinion as our own,[1] and affirm Appellant's judgment of sentence on that basis.

Judgment of sentence affirmed.

_____

[1] Judge Doyle addresses ten additional issues in her opinion, which Appellant has not asserted on appeal. ***See*** TCO at 22-39. We do not adopt any aspect of the court's rationale regarding those waived issues.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/07/2018</u>